IN THE DISTRICT COURT OF THE UNITED STATES
OKLAHOMA EASTERN DISTRICT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: CR-24-139-JFH |
| vs. | ) | |
| | ) | |
| LARRY MICKLE, | ) | |
| | ) | Hon. John F. Heil, III |
| Defendant. | ) | |

### DEFENDANT'S SENTENCING MEMORANDUM

**COMES NOW** THE Defendant in this matter, Larry Mickle ("Defendant"), *by and through* his attorney of record, Wesley J. Cherry, and respectfully requests this Court to impose a term of imprisonment consistent with the *Petition to Enter Plea* [Doc. No. 34] and *Presentence Report* ("PSR") [Doc. No. 40], taking into consideration all of the applicable statutes involving sentencing.

At the outset, the Defendant understands that the Court's initial reaction to the plea agreement may—and likely will—be met with some reticence and rumination. The Defendant was initially charged by Indictment [Doc. No. 2] with four (4) counts, the first of which was "Assault with Intent to Commit Murder in Indian County" *per* 18 U.S.C. §§ 113(a)(1), 1151, & 1152. A plea agreement to "only" Count Two (2) of the Indictment, to the crime of "Assault with a Dangerous Weapon with Intent to do Bodily Harm in Indian County" *per* 18 U.S.C. §§ 113(a)(3), 1151, & 1152, carries with it at least some modicum of a requirement to "show cause" to the Court as to why this plea should be accepted. The Defendant will attempt to do that in this pleading.

The ultimate task facing this Court is to fashion a reasonable sentence based on the application of the United States Sentencing Guidelines, 18 U.S.C. § 3553(a) factors, and the application of the Court's considerable discretion. See *Kimbrough v. United States*, 552 U.S. 85 (2007). "[a] district court should begin all sentencing proceedings by correctly calculating the applicable guidelines range." *Gall v. United States*, 552 U.S. 38, 48 (2007). While "the guidelines should be the starting point and the initial benchmark, they are not the only consideration." *Id*. The district court must "consider all the [18 U.S.C.] § 3553(a) factors" and "must make an individualized assessment based on the facts presented." *Id* at 48-49.

The Defendant's criminal history includes multiple contact with law enforcement, with an overriding foundation of substance abuse as a basis for the contact. The Defendant has convictions for possession / manufacturing of controlled, dangerous substance ("CDS") in Oklahoma [*PSR* ¶¶ 30-45]. The Defendant himself has stated that substance abuse has been "the downfall of his whole life" [*PSR* ¶ 60] after having tried methamphetamine when he was sixteen years old after seeing someone shot. Currently, the Defendant reports that he is sober and despite being incarcerated, his life is "a lot better" [*PSR* ¶ 62].

M.L, the identified crime victim in this case, maintains continuous contact with the Defendant, and they share a child (approx. one year old) together. Part of his plan to continue sobriety is contact with M.L. and the child that they share [*PSR* ¶¶ 53 & 56].

Both counsel for the Government and the Defendant have been in contact with M.L., and are able to articulate to the Court M.L.'s desire for the Court to be lenient in sentencing the Defendant. Both counsel anticipate that M.L. will be present at the Sentencing Hearing and will make her desire known personally to the Court *per* 18 U.S.C. § 3771.

The instant conduct is that the Defendant was depressed and while the Defendant and M.L. were at their residence, a pistol discharged "rat shot," and M.L., as a result of the Defendant's actions, suffered injury. Thankfully, M.L. was not seriously injured. Throughout the litigation, counsel for the Defendant and Government have had the opportunity to review the "jail calls" between the Defendant and M.L., and throughout it appears that the Defendant has genuine and complete remorse about the events of June 18, 2024. He understands that what he did was wrong, M.L. understands that what he did was wrong, but together they desire to raise their child together in a sober environment.

18 U.S.C. § 3553(a) requires courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2." For the Defendant, that would mean credit for time served, a period of time of incarceration in the Bureau of Prisons, a recommendation that the Defendant receive Residential Drug Abuse Treatment Program ("RDAP"), followed by supervision by OKEP.

Specifically regarding the *term* of the sentence, Defendant's counsel requests that the Court take into consideration his Objection(s) to the PSR, specifically §2A.2(b)(3)(B), requesting either a +0 or +3 enhancement as opposed to the more-severe +5 point enhancement as stated in the PSR. This would cause his total offense level to be a 19 (with the three-point downward modifiers) with a criminal history category of IV (four), for a guideline range of 46-57 months.

The Defendant respectfully requests that the Court sentence the Defendant to a Guideline sentence taking into account all of the considerations, including the Defendant's substance abuse history and, moreover, the desire of the crime victim in this matter for leniency.

DATED this 27th day of May, 2025.

Respectfully submitted by:

_____
Wesley J. Cherry, OBA #22851
FOUNDATION LAW, P.L.L.C.
P.O. Box 758
McAlester, OK  74502
(918) 839-6353 Telephone
(888) 622-3181 Facsimile
Wes.FoundationLaw@gmail.com
www.FoundationLawFirm.com
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I CERTIFY that on this 27th day of May, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notifications to the following:

U.S. Attorney (OKED)
520 Denison Ave.
Muskogee, OK  74401
(918) 684-5100 Tel.
(918) 684-5150 Fax
*Attorney for U.S.A.*

I CERTIFY that on this 27th day of May, 2025, I sent the foregoing to the following individuals without the use of the CM/ECF system, via U.S. Mail, all postage pre-paid:

NONE.

_____
*Attorney for Defendant*