IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff,* v. LARRY KEITH MICKLE, *Defendant.* | Case No. 24-CR-139-JFH |

### UNITED STATES' SENTENCING MEMORANDUM

COMES NOW the United States of America by and through United States Attorney Christopher J. Wilson and Assistant United States Attorney Michael E. Robinson and, hereby submits this sentencing memorandum in support of the plea agreement. Pursuant to the plea agreement, Defendant plead guilty to Count Two of the Indictment, which is Assault with a Dangerous Weapon with Intent to Do Bodily Harm in Indian Country, in violation of 18 United States Code, §§ 113(a)(3), 1151 and 1152. The United States' support for the plea agreement is based on several mitigating factors, along with the strong preference of Victim, who has strenuously advocated for leniency for Defendant.

### I. FACTS

On June 18, 2024, at approximately 2345 hours, Pittsburg County Deputy Cody Brown was dispatched to the McAlester Regional Medical Center for a shooting that occurred at 7534 S Bache Rd, Hartshorne, Oklahoma. When Deputy Brown arrived at the hospital, he made contact with Victim, who was being treated by hospital staff for a gunshot wound to the top of her head. Notwithstanding the wound, Victim was fully alert and able to converse with Deputy Brown in her hospital bed. According to Deputy Brown, it appeared that Victim had been shot in the top

of her head with a .22 caliber rat shot round. Although Victim had a laceration on the top of her head, the pellets did not cause a degree of injury that is typically associated with a gunshot wound to the head.

Victim told Deputy Brown that earlier that evening, she was at home with her boyfriend, Defendant. Victim stated she had been dating Defendant for over two years, and that they recently had a child together. Victim relayed that throughout the night, Defendant had argued with her about her unwillingness to divorce her husband, J.L. Victim explained that J.L. is currently serving a prison sentence for possession of CDS and domestic violence, and that her reluctance to divorce J.L. was a source of contention in her relationship with Defendant. Victim recounted that Defendant took Xanax and began expressing suicidal ideations during the argument and threatened a murder-suicide. Victim stated that prior to this incident, Defendant has never been violent with her.

Victim stated that she did not take Defendant's threat seriously and that she tried to go to sleep. Victim recounted that Defendant approached her in bed, placed one hand on her throat, and put a "cowboy style revolver" against the top of her head. Victim recalled that when she tried to push Defendant away, the gun discharged. At first, Victim thought Defendant had shot the wall, however, Victim realized she had suffered a gunshot wound because her ears were ringing, and she felt an indentation on the top of her head. Victim stated that after the gun went off, Defendant started "freaking out" and denied that he had shot her. Defendant offered to drive Victim to the hospital, but Victim asked him to drive her to her brother-in-law, A.T.'s, home. Defendant dropped Victim off at A.T.'s house and A.T. rushed Victim to the MRHC, where she was treated for a laceration on the top of her head.

**Justification for Plea Agreement**

During the investigatory stages of the case, Victim reluctantly provided truthful testimony but adamantly affirmed that she did not want to participate in a contested trial. Victim relayed that she had been in an intimate relationship with Defendant for three and a half years, and that this was the first time Defendant had become violent with her. Victim acknowledged that Defendant deserved to go to prison for a period of time for the offense conduct, but repeatedly conveyed her belief the instant offense was a drug-induced accident as opposed to a willful attempt on the part of Defendant to kill her.

After the Grand Jury returned a True Bill against Defendant, the investigation continued. It became clear from Defendant's conversations with Victim on recorded jail calls that Defendant placed a revolver to Victim's head attempting to scare her, and that the weapon discharged when Victim pushed Defendant away. Victim is fortunate to be alive today. In making the plea offer, the United States gave deference to Victim's wishes as well as consideration to how the evidence would have been received by the jury had the case gone to trial. Despite being shot in the head with rat shot pellets, Victim was able to give a full statement to her medical providers and law enforcement at the hospital, and later testified that she did not suffer from extreme pain after the incident. Victim acknowledged that what Defendant did was wrong and that he deserved to go to prison, but she was vehemently against him serving a lengthy period of incarceration for the offense. In weighing the wishes of Victim, the United States believed a plea agreement that assured a felony conviction for Defendant along with a period of incarceration would be sufficient but not greater than necessary to comply with the purposes set forth in 18 United States Code, § 3553(a).

## CONCLUSION

The United States respectfully requests this Court accept the plea agreement.

                Respectfully submitted,

                CHRISTOPHER J. WILSON
                United States Attorney

                Michael E. Robinson
                MICHAEL ROBINSON MA BA #693574
                Assistant United States Attorney
                520 Denison Avenue
                Muskogee, Oklahoma 74401
                Telephone: (918) 684-5144
                Michael.robinson3@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of May 2025, I electronically transmitted the attached documents to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrant:

Wesley Cherry, Counsel for Defendant

            s/    Michael E. Robinson
                MICHAEL E. ROBINSON
                Assistant United States Attorney